SAVOY, Judge.
On April 28, 1971 the theatre owned by plaintiff was destroyed by fire. He made demand on his insurer, American Employers Insurance Co., hereinafter referred to as “American”, to pay the sum of $6,000.-00, the amount for which it insured plaintiff’s theatre. Defendant refused to pay on the grounds that the policy had been cancelled prior to the fire. Plaintiff filed suit against American to recover the face value of the policy. He also filed suit against Appalachian Insurance Company of Providence, (hereinafter referred to as “Appalachian”), the errors and omissions insurer of Aaron Beaugh, who was the agent of American and who wrote the policy issued by American to plaintiff. Aaron Beaugh was also sued individually. After a trial on the merits, judgment was rendered in favor of defendants, rejecting plaintiff’s demands, and dismissing his suit. Plaintiff appealed.
Plaintiff contends before this court:
1. That since American did not mail plaintiff written notice of the cancellation as required by LSA-R.S. 22:636, the policy issued to it was in force on the date of the fire.
2. Alternatively, that Appalachian, as the errors and omissions insurer of Beaugh, was indebted to plaintiff in the sum of $3,000.00 for the reasons that prior to the fire, Beaugh agreed with plaintiff to secure insurance in the sum of $3,000.00 on the theatre which burned.
3. Alternatively, that Beaugh should be held individually for not securing the $3,000.00 policy mentioned above.
We shall discuss the first issue. It is the contention of appellant that since it never received written notice of the cancellation of the policy under the provisions of LSA-R.S. 22:636, and the holding in the cases of Universal C.I.T. Corporation v. Kennedy, 185 So.2d 542 (La.App. 1 cir. 1962) and Pellets Inc. v. Millers Mutual Fire Insurance Co., 241 So.2d 550 (La.App. 2 cir. 1970), the policy at issue was in effect on the date of the fire mentioned herein.
Both cases are distinguishable from the case at bar. In Pellets supra, there was a *357 cancellation of an insurance policy without a refund of premium due the insured, and also there was a question as to when the cancellation became effective since defendant had given plaintiff an extension as to the cancellation date.
In Universal C.I.T. Corporation v. Kennedy, supra, the policy was surrendered by the mortgagee rather than by the insured, and the court held that that did not constitute a waiver of notice or an agreement to cancel the policy.
In the case at bar, Beaugh received written notice from American that the policy was being cancelled. Beaugh thereupon contacted an officer of plaintiff corporation and informed him of the letter written by American, and Beaugh requested that the policy be returned to his office. An officer of plaintiff corporation thereupon brought the policy to Beaugh’s office and surrendered it to him. Beaugh then sent the policy to the Ruston, Louisiana, office of American for cancellation, and the policy was formally cancelled on April 24, 1971. The trial court found, and we agree, that the parties understood and agreed at the time the policy was surrendered to Beaugh that the policy was being can-celled. No return premiums were due on the policy at that time.
LSA-R.S. 22:637, subd. C provides:
“The surrender of a policy to the insurer for any cause by any person named therein as having an interest insured thereunder shall create a presumption that such surrender is concurred in by all persons so named.”
We conclude that the surrender of the policy by plaintiff to Beaugh, together with the clear understanding of the parties that the policy was to be cancelled, constituted a cancellation of the policy and a waiver of the notice otherwise required by LSA-R.S. 22:636. Our conclusion is that the policy was cancelled at the time it was surrendered to Beaugh.
The next issue is as to the liability of Appalachian as the error and omissions insurer of Beaugh. The suit by plaintiff against Appalachian is not for any act of omission or commission in connection with the policy issued by American to plaintiff but is based on the failure by Beaugh to secure a separate policy for plaintiff for $3,000.00 on its theatre. We cannot see under which theory of law Appalachian could be held liable under the facts of this case and find the ruling of the trial court correct.
The last issue is as to the liability of Beaugh to plaintiff. The evidence is to the effect that when Melvin Cormier, officer of plaintiff’s corporation, delivered the policy to Beaugh, there was some discussion about insuring plaintiff’s theatre with another insurance company. Beaugh told Cormier that - he could possibly place the insurance with a surplus line insurance company and that the premium would be the same amount for $3,000.00 of insurance with a surplus line insurer, as was the $6,000.00 policy issued to plaintiff by American.
Cormier stated that when he left the office, he was under the impression that Beaugh was securing insurance for $3,000.-00. Beaugh testified that Cormier never signified that Beaugh should get a new policy on the theatre. He stated that if he had understood Cormier wanted the insurance, he would have phoned the surplus line insurance company and secured the insurance immediately. We find no error in the district judge absolving Beaugh from liability under the circumstances.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff’s cost.
Affirmed.