361 So.2d 1255 (1978)
Allie P. CHAUVIN, III
v.
The HIGHLANDS INSURANCE COMPANY.
No. 12018.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
Rehearing Denied August 31, 1978.
Writ Refused October 20, 1978.
Clement Story, III, Lafayette, of counsel for plaintiff-appellant, Allie P. Chauvin, III.
Edward C. Abell, Jr., Lafayette, of counsel for defendant-appellee, The Highlands Ins. Co.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
BLANCHE, Judge.
Plaintiff-appellant, Allie P. Chauvin, III, has appealed a trial court judgment granting a motion for summary judgment, dismissing defendant-appellee, Highlands Insurance Company, from the suit.
On June 2, 1976, plaintiff was involved in an automobile accident with Irvin J. Davidson. Mr. Davidson had been covered under certain liability policies issued by Highlands Insurance Company to Irvin J. Davidson d/b/a Davidson Valve Lubrication Service. Following a telephone conversation with a representative of Highlands concerning the cancellation of these policies, Mr. Davidson mailed the policies to the insurance agency, together with an undated letter stating that Davidson Valve Lubrication had been out of business since January 1, 1976, and including the cogent sentence, "Please cancel my insurance." The policies and letter were received at the agency on May 7, 1976. Subsequent to receiving the letter on May 7, 1976, the company cancelled the insurance policies effective January 1, 1976.
After the accident of June 2, 1976, plaintiff filed the instant suit against Highlands. The motion for summary judgment subsequently filed by Highlands was granted.
The sole question is whether there is any genuine issue as to whether the liability policies were effective on the date of the accident which occurred on June 2, 1976.
The record clearly establishes that Mr. Davidson surrendered his policies to the insurer through its agent and that he requested their cancellation in writing. The written request was undated, but the evidence shows that the letter was received in the office of the insurance agency on May 7, 1976. We have no difficulty in concluding *1256 from the evidence that the intent of the insured was to cancel his insurance coverage and that the cancellation was effective no later than the receipt of the policies by the insurer's agent on May 7, 1976.
The insurance contracts provided that the policies were cancellable at the option of the insured:
"11. Cancellation: This policy may be cancelled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy mat be cancelled by the company by mailing to the named insured at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing." (Policy No. BGA 15 18 50 of Highlands Insurance Company)
"(m) Cancellation. This policy may be cancelled by the Named Insured by mailing to the Company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the Company by mailing to the Named Insured at the address shown in this policy written notice stating when not less than 30 days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Named Insured or the Company shall be the equivalent to mailing." (Policy No. XS 72 09 22 of Highlands Insurance Company)
As may be seen from the foregoing, the policies were cancelled by the insured by notice and, in the case of Policy No. BGA 15 18 50, delivery of the policy as provided for by the cancellation clause designated under provision "11" thereof.
Statutory authority for the cancellation of a policy by an insured is found in LSA-R.S. 22:637:
"A. Cancellation by the insured of any policy which by its terms is cancellable at the insured's option or of any binder based on such policy may be effected by written notice thereof to the insurer and surrender of the policy or binder for cancellation prior to or on the effective date of such cancellation. In event the policy or binder has been lost or destroyed and cannot be so surrendered, the insurer may in lieu of such surrender accept and in good faith rely upon the insured's written statement setting forth the fact of such loss or destruction.
"B. Following such cancellation the insurer shall pay to the insured or to the person entitled thereto as shown by the insurer's records, any unearned portion of any premium paid on the policy as computed on the customary short rate or as. otherwise specified in the policy. If no premium has been paid on the policy, the insured shall be liable to the insurer for premium for the period during which the policy was in force.
"C. The surrender of a policy to the insurer for any cause by any person named therein as having an interest insured thereunder shall create a presumption that such surrender is concurred in by all persons so named."
Counsel for plaintiff argues that Mr. Davidson received no notice that the policies were cancelled until after the accident and notes that the company made the cancellation effective on a pro rata basis retroactive to January 1, 1976. We regard this as irrelevant to the central question of whether or not there was coverage for Mr. Davidson on June 2, 1976, the date of the accident. Mr. Davidson was not entitled to any notice of cancellation when he himself cancelled the insurance contracts with written notice and surrender of the policies. The return of the unearned premium was in *1257 accordance with both the policy provisions and the statutes referred to hereinabove, and the fact that it was made retroactive to January 1, 1976, when Mr. Davidson claimed the company went out of business, rather than May 7, 1976, when the policies were surrendered was no more than a gratuity.
For the above reasons, the judgment of the trial court maintaining the motion for summary judgment is affirmed, with costs assessed to plaintiff-appellant.
AFFIRMED.