380 So.2d 108 (1979)
GAR REAL ESTATE AND INSURANCE AGENCY
v.
N. T. MITCHELL, d/b/a C & A Grocery.
No. 12971.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
Ray W. Breland, Jr., Bogalusa, for plaintiff.
H. Gregory Briese, of Seal, Lee, Branch & Brown, Bogalusa, for defendant.
Before EDWARDS, LEAR and SARTAIN, JJ.
EDWARDS, Judge.
Gar Real Estate and Insurance Agency (Gar), plaintiff-appellant herein, appeals a trial court judgment rejecting its demands against N. T. Mitchell, d/b/a C & A Grocery. We affirm.
Gar sued Mitchell for $596.00, attorney's fees, interest and costs on the basis that Mitchell had purchased an insurance policy from Gar and owed for past coverage.
Initially, we note that Mitchell, defendant-appellee herein, immediately objected *109 at trial to the admission of evidence tending to prove that Mitchell had purchased the insurance policy in question from the Cutrer Insurance Agency.
Since the pleadings were never amended by Gar and since the original petition made no allegation that Mitchell had purchased a policy from the Cutrer Insurance Agency, Mitchell's objection was proper and the trial court was in error to allow further testimony without requiring Gar to amend the pleadings. LSA-C.C.P. Art. 1154.
Timely objection coupled with the failure to move for an amendment of the pleadings is fatal to an issue not raised by the pleadings. Wanda Petroleum Company v. Mac Drilling Inc., 353 So.2d 474 (La.App. 3rd Cir. 1977), writ denied 355 So.2d 258 (1978); Bosworth v. New Orleans Federal Savings & Loan Association, 258 So.2d 191 (La.App. 4th Cir. 1972).
All evidence other than that relating to a sale of insurance from Gar to Mitchell was inadmissible and for this reason alone the trial court judgment would be affirmed.
In addition, however, even if Gar had properly amended the pleadings, a loss on the merits would be inevitable.
Inadmissible evidence considered by the trial court was stipulated to in narrative form for appellate purposes. The facts show that Mitchell, in January of 1977, had purchased a fire, liability and workmen's compensation policy from Thelma S. Cutrer, d/b/a the Cutrer Insurance Agency. The original policy was delivered to the Parish National Bank, Mitchell's mortgagee. Mitchell received a copy of the policy. In March of 1977, Mitchell decided his insurance premiums were too high. He met with Thelma Cutrer, told her he did not want the policy at that price and returned his copy of the policy to her.
While written reasons for judgment were not filed, the trial court apparently found that Mitchell had cancelled his policy by returning it. On appeal, Gar claimed that the law and jurisprudence do not permit an insured to either cancel his policy by mere physical return or to terminate the rights of a beneficiary by cancellation. While the trial court need not have decided these questions due to the inadmissibility of the relevant evidence, we find his decision of law to be proper and find no merit to Gar's contentions.
Cancellation of an insurance policy by the insured is covered by LSA-R.S. 22:637, which reads in part:
"A. Cancellation by the insured of any policy which by its terms is cancellable at the insured's option or of any binder based on such policy may be effected by written notice thereof to the insurer....
C. The surrender of a policy to the insurer for any cause by any person named therein as having an interest insured thereunder shall create a presumption that such surrender is concurred in by all persons so named.
D. This Section shall not apply to life insurance policies...."
Paragraph A uses the permissive "may" rather than the mandatory "shall" when stating how a policy can be cancelled by the insured. Thus, the physical tender of a policy is simply an additional valid mode of cancellation.
The evidence considered showed that Mitchell told Thelma Cutrer he no longer wanted the policy. That, together with the physical tender, clearly manifests a valid cancellation. Melvin Cormier, Inc. v. American Employers Insurance Co., 280 So.2d 355 (La.App. 3rd Cir. 1973).
Finally, we observe that unlike the case of Breard v. New York Life Ins. Co., 138 La. 774, 70 So. 799 (1916), in which the insured, who had purchased a life insurance policy which did not include the right to change beneficiaries, was not permitted to cancel the policy and deprive the named beneficiary whose rights vested immediately on the policy's purchase, the present case involves only the rights of a third party loss payee whose interest is merely conditional and who has no vested rights. In this case, *110 the contract of insurance remained one between Mitchell and the insurer and since the Parish National Bank was only a conditional payee, the bank had no power to prevent Mitchell's cancellation of the policy. Eicher-Woodland Co. v. Buffalo Ins. Co. of New York, 198 La. 38, 3 So.2d 268 (1941).
For the foregoing reasons, the judgment of the trial court will be affirmed.
All costs, both trial and appellate, are to be paid by Gar Real Estate and Insurance Agency.
AFFIRMED.