ARMSTRONG, Judge.
Plaintiff, Connie K. Forston, filed suit against the defendants, Albert Williams, Sr. and his liability insurer, Allstate Insurance Company (“Allstate”), Kenneth Gol-mon and his liability insurer, XYZ Insurance Company, seeking damages for injuries she and her minor daughter sustained in an automobile accident on July 29, 1984 involving two cars, one driven by Forston which was owned by Golman and the other driven by Williams. Allstate filed a third party demand against Government Employees Insurance Company (“GEICO”) as the alleged liability insurer of Albert Williams, Sr. In addition a petition for intervention was filed by Bituminous Casualty Company (“Bituminous”) seeking recovery of workers’ compensation benefits paid to plaintiff.
Prior to trial, plaintiff settled with Allstate, Williams, Golman and XYZ Insurance Company dismissing all four defendants from the suit. Plaintiff also settled the intervention claim with Bituminous and dismissed her daughter’s claims. A trial was held on the claim against GEICO. Following a hearing on the issue of liability the jury returned a verdict in favor of GEICO finding that Williams was not covered by the GEICO policy on the date of the accident. In an October 16, 1986 judgment in consideration of the jury’s verdict, the trial judge dismissed plaintiff’s suit against GEICO.
Plaintiff appeals and sets forth two assignments of error.
1. The jury erred in finding that Albert Williams, Sr. intended to cancel his policy with GEICO.
2. The jury erred in upholding the “Automatic Termination” clause of the GEICO policy.
At trial, Jerry Liuzza, an insurance agent for Allstate, testified that Williams came into his office on March 7, 1984 to procure insurance for his automobile. On this date Williams filled out an Application for Private Passenger Automobile and Motorcycle *15 insurance. Liuzza stated that because Williams did not meet Allstate’s underwriting standards, he issued Williams a GEICO policy through the Louisiana Insurance Program, Assigned Risks Plan effective from April 22, 1984 through April 22, 1985.[1]. Williams testified that he remembered going to Liuzza’s office and applying for insurance but he thought that he was receiving two policies, one from Allstate and one from GEICO.
Liuzza testified that the next time he saw Williams was on or about July 20,1984 when Williams came into his office and requested that his policy with GEICO be cancelled. Introduced into evidence was a form called a “Policy Change Request” for an automobile insurance plan. On the form GEICO was listed as the insurer and Williams as the insured and the effective date of cancellation was shown as July 21, 1984 at 12:01 a.m. Williams testified that he did not remember asking Liuzza to cancel the policy but that the signature on the form was his signature. Luizza testified that he would not have filled out the form unless it was requested by the insured. Liuzza mailed this request to GEICO and on August 15, 1984 he received a check in his office from GEICO for $320.40, the amount of the premium refund owed to Williams. Liuzza then mailed a personal check to Williams with a note stating that his automobile policy with GEICO was can-celled. Williams stated that he did not remember receiving either the check or the note.
CANCELLATION OF POLICY
Plaintiff argues that Williams did not intend to cancel his GEICO policy and even if the court finds that he did, this written request is not sufficient for a valid cancellation. Plaintiff also argues that Williams did not receive proper notice of cancellation as required by statute.
Defendant contends that this was a valid cancellation of the GEICO policy and that notice of cancellation was not required in this case.
Whether Williams intended to cancel the GEICO policy is a factual question and the decisions of the trier of fact as to factual findings and credibility determinations will not be disturbed on appellate review unless clearly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Adams v. Phillips, 506 So.2d 651 (La.App. 4th Cir.1987).
Our review of the record leads us to conclude that the jury was not clearly wrong in finding that Williams requested that his GEICO policy be cancelled.
Statutory authority for the cancellation of a policy by an insured is found in LSA-R.S. 22:637 which reads in pertinent part:
A. Cancellation by the insured of any policy which by its terms is cancellable at the insured’s option or of any binder based on such policy may be effected by written notice thereof to the insurer and surrender of the policy or binder for cancellation prior to or on the effective date of such cancellation. In event the policy or binder has been lost or destroyed and cannot be so surrendered, the insurer may in lieu of such surrender accept and in good faith rely upon the insured’s written statement setting forth the fact of such loss or destruction.
Plaintiff urges that both written notice and surrender of the policy are necessary for a valid cancellation and Williams never surrendered the policy. In Gar Real Estate and Ins. Agency v. Mitchell, 380 So.2d 108 (La.App. 1st Cir.1979) the insured verbally told his insurance agent that he no longer wanted the policy and returned his copy of the policy to the agent. The First Circuit held this to be a valid cancellation. The court in Gar, interpreting LSA-R.S. 22:637, stated that paragraph A “uses the permissive ‘may’ rather than the mandatory shall when stating how a policy can be cancelled by the insured. Thus, the physical tender of a policy is simply an additional valid mode of cancellation”. Id. at 109. In addition, the GEICO policy itself pro *16 vides for the insured to cancel the policy by returning the policy or by written notice. Considering all the evidence we agree with defendant that Williams’ written notice of cancellation clearly manifests a valid cancellation as contemplated by the statute.
Plaintiff also argues that Williams did not receive proper notice of cancellation as set forth in the statute. Plaintiff mistakenly cites LSA-R.S. 22:636 as his authority for this notice requirement. Although LSA-R.S. 22:636 requires the insurer to give the insured written notice prior to cancelling the policy, this notice is only necessary when it is the insurer, not the insured, that is seeking to have the policy cancelled. The applicable statute in the instant case is LSA-R.S. 22:637 since the insured, Williams, was the one who initiated the cancellation process. The reason for the notice requirement is to give the insured a chance to obtain alternate coverage. However, when it is the insured seeking cancellation of the policy he is not entitled to any notice. Chauvin v. Highlands Ins. Co., 361 So.2d 1255 (La.App. 1st Cir.1978).
We conclude that Williams was not entitled to any notice of cancellation from GEI-CO since Williams himself cancelled the insurance contract with written notice.

“Automatic Termination’’ Clause

Plaintiff alleges that the “Automatic Termination” clause in the GEICO policy is ambiguous and therefore should be construed in favor of the insured, Williams.
The “automatic termination” provision in the GEICO policy reads:
“If you obtain other insurance on your auto, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance”.
Plaintiff alleges that this provision is in conflict with the “other insurance” clause of the GEICO policy which states:
“If there is other applicable liability insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits”.
It was stipulated at trial that Williams obtained an automobile insurance policy from Allstate which was effective July 23, 1984 through January 23, 1985. GEICO alleges that if its policy was not cancelled than this subsequent Allstate policy automatically terminated the GEICO policy.
This issue is essentially moot since we decided that the jury was correct in finding that Williams had cancelled his GEICO policy as of the date of the accident.
For the foregoing reasons the judgment of the trial court dismissing plaintiff’s suit is affirmed. Appellant is assessed for all costs of this appeal.
Affirmed.
BYRNES, J., concurs in result.

. The Louisiana Insurance Program, Assigned Risks Plan is a program for assignment of high risk drivers to various insurance companies.