Dear Dr. Scafidel:
On behalf of the St. Bernard Port, Harbor and Terminal District you have requested an opinion of this office as to the Port's legal responsibility and exposure with respect to the termination of any insurance policy with a 30-day notice of cancellation, or at the time the policy ends (ending date) or at the time of renewal. You enclosed five (5) policies to aid this office in drafting the opinion.
The Louisiana Insurance Code defines insurance as a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies. LSA-R.S. 22:5(9)(a). The Louisiana Insurance Code further provides that, "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." LSA-R.S. 22:654. Accordingly, after careful review of the enclosed insurance policies, all but two (2) contain provisions which make it permissible for an insured to cancel the policy obtained. Pursuant to the terms and conditions, certain notice requirements must be met prior to cancellation of said policy. After proper notification, any premium refund due is mailed to the insured subject to the length of time the policy remained in effect (calculated pro-rata up to cancellation).
When a policy of insurance contains provisions allowing an insured an option to cancel a policy, LSA-R.S. 22:637 provides, in pertinent part, the proper mechanism:
§ 637. Cancellation by the insured; surrender
 A. Cancellation by the insured of any policy which by its terms is cancelable at the insured's option may be effected by written notice thereof to the insurer and surrender of the policy prior to or on the effective date of such cancellation.
 B. Within thirty days following such cancellation the insurer shall pay to the insured or to the person entitled thereto as shown by the insurer's records, any unearned portion of any premium paid on the policy as computed on the customary short rate or as otherwise specified in the policy, and any unearned commission.
* * *
 LSA-R.S. 22:637 places the burden of cancellation upon the insured when a policy of insurance by its own terms gives the insured an option to cancel the policy. The insured can achieve a valid cancellation by giving written notice to the insurer and surrendering the actual policy of insurance. Gandy v. United Services Automobile Association, 721 So.2d 34, 97-1095 (La.App. 5 Cir. 10/14/98), citing Chrysler Credit Corp. v. Liberty Mutual Ins. Co., 483 So.2d 1140, 1142
(La.App. 5th Cir. 1986). It has also been held that either some kind of written notice or surrender of the policy will effect cancellation of the policy. Gandy citing Forston v. Williams, 518 So.2d 14 (La.App. 4th Cir. 1987); Gar Real Estate and Ins. Agency v. Mitchell, 380 So.2d 108, 109 (La.App. 1st Cir. 1979). See also: Roberson Advertising Services v. Associated Agencies, Inc., 543 So.2d 960, 963 (La.App. 5th Cir. 1989).
Where a policy of insurance is silent with regard to the cancellation by an insured, or provides that the insured remains liable for a premium prior to or after the insurance cancels, our office is of the opinion that, pursuant to the terms and conditions of the policy, the full premium is still due and payable to the insurer and is non-refundable. In that instance, the potential for exposure is as great as the premium due. Therefore, any decisions made during the existence of the policy, which includes any status of the policy, other than the actual expiration of the policy, must be carried out in the best interest of the public entity involved.
Of course, our opinion in this regard should not be construed as a comment on the advisability of cancellation, termination, renewal, or purchase of any insurance policy. Any port commission contemplating action during the existence of a policy of insurance should do so only after consultation with its attorney and after careful consideration of the terms and conditions of the policy.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: __________________________
 CHARLENE PATTERSON Assistant Attorney General
/cp