915 So.2d 914 (2005)
Adam SPERRY
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.
No. 2005-CA-0185.
Court of Appeal of Louisiana, Fourth Circuit.
August 17, 2005.
*915 Timothy G. Schafer, Schafer & Schafer, New Orleans, LA, for Plaintiff/Appellant.
David I. Bordelon, Ungarino & Eckert L.L.C., Metairie, LA, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Adam Sperry, the Plaintiff-Appellant, appeals from a trial court judgment rendered in favor of Nationwide Mutual Fire Insurance Company ("Nationwide"), the Defendant-Appellee, regarding the cancellation of his automotive insurance policy, and denial of coverage by said Defendant. For the foregoing reasons, we affirm the judgment of the trial court.

FACTS
In 2001, Mr. Sperry, then a resident of the State of Florida, purchased a new Mercedes-Benz automobile, and immediately added the vehicle to his existing automobile insurance policy with Nationwide. The insurance premiums were paid by automatic deduction from Mr. Sperry's checking account. In January 2002, Mr. Sperry renewed his automobile policy until July 2002. In February 2002, Mr. Sperry learned that his employer was transferring him from Florida to New Orleans. On February 12, 2002, Mr. Sperry contacted his nationwide agent, Elaine Fleming (hereafter, "Ms.Fleming"), and informed her of his intent to sell his home, which was also covered by Nationwide. Ms. Fleming asked Mr. Sperry to notify her when his property was sold, at which time his homeowner's insurance under Nationwide would be canceled. Ms. Fleming also told Mr. Sperry that Nationwide was not licensed to provide insurance in the State of Louisiana,
Mr. Sperry moved to New Orleans on February 12, 2002. On February 27, 2002, he sold his home in Florida. On March 4, 2002, he informed Ms. Fleming of the sale of his home, and also provided her with his new address in New Orleans. During this conversation, Ms. Fleming testified that Mr. Sperry told her to cancel all of his policies. In essence, Mr. Sperry told her to cancel his entire book of business with Nationwide, which included his automotive coverage policies. Ms. Fleming testified that she asked him to fax this cancellation request in writing, but that he refused to do so. She stated that Mr. Sperry became agitated and abusive towards her, and specifically said "why the hell should I have to do that, when I have already called and talked to you and told you to cancel it." Ms. Fleming obliged, and cancelled his entire range of coverage with Nationwide.
Mr. Sperry's checking account was never automatically debited for the automobile insurance premium after the cancellation was processed. Mr. Sperry received two refund checks, one for the homeowner's insurance, and the other for the automotive insurance. Ms. Fleming testified that it was Nationwide's policy to have every refund check contain the policy number and a specific explanation for the refund. The refund checks were given to Mr. Sperry as a result of his request to cancel all coverage with Nationwide. Ms. Fleming further testified that Mr. Sperry called her office on March 15, 2002, and left a message inquiring whether the refund checks had been issued. Ms. Fleming returned the call and left a message for Mr. Sperry, stating that both the automotive and homeowner refund checks were in fact issued the previous week. Ms. Fleming kept log-in records of all telephone conversations at work. Mr. Sperry endorsed both refund checks.
*916 On April 13, 2002, while driving his Mercedes-Benz in New Orleans, Mr. Sperry was involved in an automobile accident. When Mr. Sperry contacted Nationwide in regards to the accident, he was informed that his policy had been cancelled. Mr. Sperry filed suit against Nationwide in the First City Court of New Orleans to recover the property damage to his vehicle. A bench trial occurred on September 8, 2002, with both Mr. Sperry and Ms. Fleming providing testimony. The issue presented to the trial court was whether Mr. Sperry's automobile insurance with Nationwide had been canceled prior to the April 2002 accident. The trial court concluded that the policy had indeed been cancelled, at Mr. Sperry's request, prior to the accident. On October 8, 2002, the trial court entered judgment in favor of Nationwide, the Defendant. This timely devolutive appeal followed.

ANALYSIS
On appeal, Mr. Sperry asserts three assignments of error: 1) the trial court erred in finding that Nationwide properly canceled his automotive insurance coverage policy; 2) the trial court erred in finding Ms. Fleming's testimony to be reliable; and 3) the trial court erred in rejecting Mr. Sperry's testimony that he did not request that his automobile insurance coverage with Nationwide be cancelled.
Mr. Sperry alleges that it was his understanding that he had thirty days to find new automobile insurance before his Nationwide policy coverage would be canceled. He also stated that the policy would not be cancelled until he notified Nationwide of his new automotive insurance policy. In essence, Mr. Sperry felt that his policy had not expired, and that it would not expire until thirty days after he informed Nationwide of his intent to finally cancel the coverage. When asked during direct examination how he received the refund on his insurance premiums, he stated that he "had no idea what those checks were for," or for what policy they refunded. Mr. Sperry denies ever requesting cancellation of his automotive insurance policy with Nationwide.
The testimony of Ms. Fleming refutes a great deal of Mr. Sperry's assertions. Moreover, Ms. Fleming kept logs of any telephone conversations, including those with Mr. Sperry. Ms. Fleming's log notes coincide with the factual scenario presented in this case. The relevant portion of Ms. Fleming's testimony is below:
Q: Now, you talked about the logs that you kept, and lets first go to  you said there was one February 12. Do you have that log?
A: Yes, sir, I do.
Q: May I see that please.
A: (Witness complies)
Q: What's the note you wrote on February 12, 2002?
A: Moving to Louisiana. Let us know when he had new address and we will cancel then.
Q: What was the date of the next note?
A: The 4th of March.
Q: And what does that read?
A: He called, said he closed on the 27th of February, 448 Julia Street, # 305, New Orleans, Louisiana 70130, cancel vehicle. (Emphasis added).
Ms. Fleming further testified that she told Mr. Sperry that a written cancellation of insurance was preferable, but agreed to cancel all of his coverage through his oral request. In such cases, Ms. Fleming stated that a refund check is representative of a notice of cancellation. It has also been established that Mr. Sperry received two refund checks and deposited them into his checking account.

*917 STANDARD OF REVIEW
It has been well settled that a court of appeal may not set aside a trial court finding of fact in the absence of manifest error or unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330, 1333, (La.1978). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Where two permissible views of the evidence exist, the fact-finder's choice between them cannot be manifestly wrong. Rosell, 549 So.2d at 845. Therefore, the issue for the reviewing court is not whether the trier of fact was wrong, but whether the fact-finder's conclusions were reasonable under the evidence presented. Touchard v. Slemco Elec. Found., 99-3577 (La.10/17/2000) 769 So.2d 1200, 1204. This circuit has further stated that an appellate court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Williams v. La. Med. Mut. Ins. Co., XXXX-XXXX (La.App. 4 Cir. 1/14/2004) 866 So.2d 306, 310.
The assignments of error alleged by Mr. Sperry are errors of fact and inferences from facts. As for the first assignment of error alleged by Mr. Sperry, the trial court accepted the notion that he requested the cancellation of both his homeowner's insurance and his automotive insurance coverage policies. The trial court was also impressed with the contemporaneous logs kept by Ms. Fleming, on behalf of Nationwide. As for Mr. Sperry's two remaining assignments of error, (that the trial court believed Ms. Fleming's testimony to be more credible, and that the trial court erroneously rejected his testimony that he did not orally request the cancellation of his automotive insurance) they are allegations of error of inferences by the fact-finder. While the allegations made by Mr. Sperry are valid, the trial court, as the initial fact-finder in this situation, accepted the validity of Ms. Fleming's assertions during her testimony, which stated that Mr. Sperry requested the cancellation of both his homeowner and automotive insurance policies. An examination of the evidence also shows that the refund checks that Mr. Sperry cashed contained an insurance policy number at the top of them.
In conclusion, the determinations of fact and credibility at the trial level must be left alone by this Court, and there is no evidence in the record of any clear or manifest errors of such determinations. The trial court was impressed with the testimony of Nationwide's agent, Ms. Fleming, and with her logging of telephone conversations with Mr. Sperry, clearly stating that Mr. Sperry requested the cancellation of his automotive insurance policy. Therefore, we leave undisturbed the trial court's judgment in favor of the defendant, Nationwide Mutual Fire Insurance Company.
AFFIRMED.