McClendon, j.
12At issue is whether an insured can verbally cancel an automobile insurance policy under the policy’s terms and in light of LSA-R.S. 22:885. The trial court found the verbal cancellation invalid and thus found that the policy remained in effect and provided coverage for damages arising from a motor vehicle accident occurring several days after the verbal cancellation. For the reasons expressed below, we reverse.
FACTS AND PROCEDURAL HISTORY
Blake C. Erdey (Erdey) obtained a policy of insurance from Progressive Security Insurance Company (Progressive) with ef *418 fective dates of June 15, 2005, through June 15, 2006. The Progressive policy insured a 2005 Chevrolet Silverado.
On Saturday, October 15, 2005, at 4:53 p.m., Erdey telephoned Progressive and informed the Progressive representative that he wanted to cancel his policy, effective “right now.” Erdey later indicated that he intended to cancel his Progressive policy because he had found a better policy with another insurer, Brown & Brown of Ohio, Inc. Because it was the weekend, however, Erdey was unable to immediately obtain a new policy with Brown & Brown.
On October 16, 2005, Progressive sent Erdey a notice that his policy was can-celled effective October 15, 2005, and a refund/direct deposit of $271.18 was subsequently made to Erdey’s bank account for the refund of the unused premium.
On Monday, October 17, 2005, Erdey contacted Brown & Brown in an attempt to obtain a new insurance policy. Erdey indicated that he initially did not have all the information Brown & Brown needed to finalize the policy, but he called back a few minutes later with the needed information. Erdey alleges that at that time, he purchased, via credit card, a liability policy from Brown & Brown | sand Lloyds Insurers (collectively “Brown & Brown”), effectively immediately.[1] Later that day, Erdey was involved in a motor vehicle accident and his 2005 Chevrolet Silverado sustained damage. Erdey submitted a proof of loss to Progressive. Progressive denied the claim, indicating that that the policy had been cancelled prior to the accident, as per Erdey’s verbal request.
On March 1, 2006, Erdey filed suit against Progressive for breach of contract. Erdey alleged that the insurance contract with Progressive was in force and effect on the date of the accident, as Progressive had failed to properly cancel the policy in accord with Louisiana law and the terms of the policy, which Erdey alleged required the cancellation be requested in writing.
The parties stipulated to the relevant facts of this matter and submitted the case to the trial court without oral testimony. After considering the pleadings, law, and exhibits submitted, the trial court awarded Erdey $8,469.11 for property damages,[2] $11,167.00 for loss of use of the insured vehicle, and $10,000 in attorney’s fees pursuant to LSA-R.S. 22:658 and 22:1220.[3] Progressive has appealed, contending that it had no policy of insurance insuring Er-dey’s vehicle on the date of the accident.
DISCUSSION
Progressive asserts that it did not have a policy of insurance in effect for Erdey on October 17, 2005, because it had been can-celled pursuant to Mr. Erdey’s verbal request. Progressive notes that Erdey even admitted that at the time of the accident, he believed that he had cancelled his Progressive policy and that he had no Progressive policy insuring his vehicle.
Erdey posits that cancellation must have been requested in writing. Progressive contends, however, that no statute or policy provision mandates that ]4a writing is *419 the exclusive manner in which an insurance policy can be cancelled by the insured. Progressive notes that its policy provision, with regard to cancellation and nonrenewal, provides:
You may cancel this policy by writing us, and stating the future date that you wish the cancellation to be effective. [Italics supplied.]
Moreover, LSA-R.S. 22:885(A),[4] entitled “Cancellation by the Insured; surrender” provides:
Cancellation by the insured of any policy which by its terms is cancellable at the insured’s option or of any binder based on such policy may be effected by written notice thereof to the insurer and surrender of the policy or binder for cancellation prior to or on the effective date of such cancellation. In event the policy or binder has been lost or destroyed and cannot be so surrendered, the insurer may in lieu of such surrender accept and in good faith rely upon the insured’s written statement setting forth the fact of such loss or destruction. [Emphasis added.]
Progressive asserts that because both its policy and the statute utilize the term “may” as opposed to “shall,” neither its policy nor the statute mandate that the policy cancellation notice be in writing. Rather, the directives imply that there are other ways the policy may be cancelled, including verbally.
We note that the word “shall” is mandatory and the word “may” is permissive. See LSA-R.S. 1:3 and Moss v. State, 05-1963, p. 16 (La.4/4/06), 925 So.2d 1185, 1196. Because LSA-R.S. 22:885(A) utilizes the peimissive “may,” this court has previously held that the statute is discretionary and has found that an insured can cancel his policy without written notice. See Gar Real Estate and Ins. Agency v. Mitchell, 380 So.2d 108, 109 (La.App. 1 Cir.1979), wherein this court concluded that the physical tender of the policy coupled with the insured’s statement to the agent that he no longer wanted the policy “clearly manifests a valid cancellation.”
Although the statute is discretionary, Erdey points out that the Fifth Circuit has held that an insured’s verbal request is insufficient to cancel an insurance |policy. In Gandy v. United Servs. Auto. Ass’n, 97-1095, 98-215 (La.App. 5 Cir. 10/14/98), 721 So.2d 34, writ denied, 98-2836 (La.1/15/99), 736 So.2d 208, the court reasoned:
[T]he legislature has set out a mechanism for [an insured] to have a valid cancellation of the policy in R.S. 22:637 [now 22:885], Although the language there is permissive, it must have intended for the insured to perform some act (a wilting or surrender of the policy) to cancel, other than just a verbal request. Otherwise, the statute would be unnecessary. Since we do not find that the legislature intended to enact an unnecessary law, we find that a verbal request by the insured party to cancel the policy is not sufficient to effect cancellation by the insured prior to the insurable event.
Gandy, 97-1095, 98-215 at p. 8, 721 So.2d at 37.
We disagree with the Fifth Circuit’s analysis in Gandy to the extent that it found LSA-R.S. 22:885 would be unnecessary if a policy could be cancelled by an insured absent a writing or surrender of the policy.[5] We note that one of the clear purposes of LSA-R.S. 22:885 is to address the return of the unused premium in the *420 event that an insured cancels his policy. See LSA-R.S. 22:885(B). If an insurer is unwilling or unable to accept a verbal cancellation of an insurance policy, or an insured is unable to verbally contact his insurer to cancel his policy, the statute provides a method by which the insured can request policy cancellation and provides a date specific for the return of his unused premium. Accordingly, we do not find the statute unnecessary, even if methods of cancellation are allowed other than those provided in LSA-R.S. 22:885(A), insofar as it provides an insured a specific method for demanding cancellation and return of his unused premium.
By contrast, when an insurer initiates cancellation of an automobile liability insurance policy prior to the policy’s anticipated termination date, the insurer is required to give the insured the statutorily prescribed notice. See LSA-R.S. 22:1266(D)(1) and West v. Clarendon Nat. Ins. Co., 99-1687, p. 6 (La.App. 1 Cir. 7/31/00), 767 So.2d 877, 881. The reason for the notice requirement is to give the insured a chance to obtain alternate coverage. However, when the insured is seeking cancellation of the policy he is not entitled to any notice. Chauvin v. Highlands Ins. Co., 361 So.2d 1255, 1256 (La.App. 1 Cir.), writ denied, 363 So.2d 924 (La.1978).
In adopting LSA-R.S. 22:885, we conclude that the legislature intended to allow an insured to cancel his policy in a manner other than those provided under the statute. If the legislature had sought to limit cancellation by requiring the methods in the statute be met, it could have used the word “shall” or “must” or some other definitive directive as it did with regard to the notice required by the insurer to effect cancellation. Moreover, because the policy was cancelled pursuant to the insured’s request, there is no issue with regard to notice and it was the insured’s duty to obtain alternate coverage prior to cancel-ling his policy.[6]
Similarly, because Progressive’s policy also used the permissive term “may” with regard to cancellation by the insured, we note that the policy did not limit the insured to requesting cancellation by written notice only. For the foregoing reasons, we conclude that Erdey verbally can-celled his policy with Progressive prior to the accident on October 17, 2005. Accordingly, Erdey had no policy of insurance with Progressive on the date of the accident.[7]
For the foregoing reasons, the trial court’s judgment in favor of Blake C. Er-dey is reversed. Judgment is hereby rendered in favor of Progressive Security Insurance Company, dismissing Erdejfs claims. Costs of this appeal are assessed against Erdey.
REVERSED AND RENDERED.
DOWNING, J., concurs and assigns reasons.

.We note that there was some dispute between Brown & Brown and Erdey with regard to whether the insurance became effective on October 17 or October 18, 2005. Eventually, a settlement was reached between Erdey and Brown & Brown, and $8,250.00 was paid by Brown & Brown to Erdey.

. The property damage totaled $9,469.11, but the court deducted the $1,000 deductible under the policy.

. Louisiana Revised Statutes 22:658 and 22:1220 were renumbered as La. R.S. 22:1892 and 22:1973, respectively, by 2008 La. Acts No. 415, § 1, effective January 1, 2009.

. Louisiana Revised Statutes 22:885 was formerly designated as R.S. 22:637, but was renumbered by 2008 La. Acts No. 415, § 1, effective January 1, 2009.

. Moreover, if the 5th Circuit's analysis is correct and the provisions of LSA-R.S. 22:885(A) must be followed by an insured to cancel his policy, then the statute does not *420 provide the alternatives of a writing or surrender of the policy, but would require both a writing and surrender of the policy to cancel same.

. We note that that the Fourth Circuit has also found that an insured can cancel a policy verbally, but without discussing or analyzing LSA-R.S. 22:885. See Sperry v. Nationwide Mut. Fire Ins. Co., 05-0185 (La.App. 4 Cir. 8/17/05), 915 So.2d 914, writ denied, 2005-2302 (La.3/10/06), 925 So.2d 518.

. Progressive also assigned as error die trial court’s award of loss of use damages when its policy had no rental provision; the trial court's finding that Progressive was arbitrary and capricious; and the trial court's failure to give Progressive credit for the amount Erdey received in settlement from Brown & Brown. However, in Iighl of our conclusions, we pre-termit these remaining assignments of error.