62 So.3d 820 (2011)
Lillie M. COTTON and Clarence Williams
v.
Robert L. WILLIAMS d/b/a Robert L. Williams Construction.
No. 2010-CA-1382.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 2011.
*821 M.H. Gertler Louis L., Gertler Leola M., Anderson Gertler, Law Firm, Orleans, Louisiana, for Plaintiff/Appellant, Clarence Williams.
Richard E. King, Cherrell R. Simms, Galloway Johnson Tompkins Burr & Smith, New Orleans, Louisiana, for Defendant/Appellee, Assurance Company of America.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge ROLAND L. BELSOME).
JAMES F. McKAY III, Judge.
The plaintiff, Clarence Williams, appeals the trial court's maintaining of an exception of prescription filed by the defendant, Assurance Company of America. We affirm.

FACTS AND PROCEDURAL HISTORY
On April 26, 2006, Clarence Williams entered into a contract with Robert Williams, d/b/a Robert Williams Construction, for repair work on his home on Annette Street in New Orleans. Assurance Company of America issued a builder's risk policy, effective March 31, 2006, to Robert Williams Construction for the construction of a new home located at 4826 Annette Street. This policy was cancelled on April 12, 2006, at the request of the insured. Assurance never received any premium for this policy.
It appears that the work done on the property on Annette Street was not satisfactory and was never completed. Therefore, Clarence Williams filed a petition for rescission of contract, restitution and attorneys' fees against Robert Williams Construction on July 29, 2008.[1] On March 5, 2010, the plaintiff filed a supplemental and amending petition naming Assurance as a defendant. Assurance filed exceptions of prescription and no right of action. The trial court denied the exception of no cause of action but granted the exception of prescription. It is from the granting of this exception that Clarence Williams now appeals.

DISCUSSION
On appeal, the plaintiff raises the following assignment of error: the trial court erred by granting Assurance's exception of prescription because Assurance and Robert Williams Construction are solidary obligors.
"[A] trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review." London Towne Condominium Homeowner's Ass'n v. London Towne Co., 2006-401, p. 4 (La.10/17/06), 939 So.2d 1227, 1231. Furthermore, a plaintiff bears the burden of proving that a solidary relationship exists to interrupt or suspend prescription. See Younger v. Marshall Industries, Inc., 618 So.2d 866 (La.1993).
In the instant case, Assurance issued a builder's risk policy to Robert Williams Construction for the construction of a new home at 4826 Annette Street. The policy had an effective date of March 31, 2006 to March 31, 2007 but was cancelled by the *822 insured on April 12, 2006. The plaintiff was not a party to the contract nor was he named as an additional insured.
By Louisiana statute, the standard prescription period for damages to immovable property is one year from the date the owner knew or should have known about the damage, unless extended by law or contract. La. C.C. art. 3493. In the instant case, any alleged property damages would have had to occur within the effective dates of the policy or at the very latest, March 31, 2007. However, the original petition against Robert Williams Construction was not filed until July 29, 2008. Being that the plaintiff was not a party to the contract nor a third party beneficiary, his claim against Assurance is prescribed on its face.
Once it is proven that the prescriptive period elapsed between the time the tort occurred and the filing of suit, the burden shifts to the plaintiff to prove an interruption or suspension of prescription. Strata v. Patin, 545 So.2d 1180, 1189 (La. App. 4 Cir. 6/8/89). The appellant asserts solidary liability in attempt to defeat prescription. However, there are two problems with the plaintiff's assertion. First, the policy at issue is a first-party property policy and does not provide coverage for the liability of Williams Construction. Second, the plaintiffs cannot prove that a solidary relationship existed between the defendants because Assurance was not the insurer during the time period of the alleged damages. Even if the defendants were solidary obligors, the lawsuit filed on March 5, 2010 adding Assurance was untimely because any claims against it had already prescribed at the time the original petition was filed on July 29, 2008, thus prescription could not be interrupted.

CONCLUSION
For the foregoing reasons, we affirm the trial court's maintaining of the defendant's exception of prescription.
AFFIRMED.
BELSOME, J., concurs with reasons.
BELSOME, J., concurs with reasons.
I concur in the result reached by the majority, but write separately to further discuss the cancellation of the builder's risk policy. The trial court found, and the majority agreed, that the builder's risk policy was cancelled by the insured, Robert Williams, on April 12, 2006. The plaintiff, who was neither a party to the contract nor named as an insured, did not enter into an agreement with Robert Williams until April 26, 2006. Accordingly, no solidary liability can exist if Assurance was not the insurer during the time period of alleged damages.
The record contains a document entitled "Cancellation Request/Policy Release," dated April 12, 2006, and signed and dated by both the insured, Robert Williams, and the insurance agent that same date. This written notice by the insured was sufficient to constitute valid cancellation of the policy. See Forston v. Williams, 518 So.2d 14 (La.App. 4th Cir.1987)(holding that insured's signature on "Policy Change Request" form was sufficient to effect cancellation);[1]Erdey v. Progressive Security Insurance Company, 2009-1115 (La.App. 1 Cir. 12/23/09), 31 So.3d 417 (holding that insured's verbal request via telephone to cancel policy was sufficient to effect cancellation *823 under La. R.S. 22:885).[2] Furthermore, as the majority acknowledges, no premium was ever received by Assurance for the policy.
This case presents an extremely troubling set of circumstances. Although the plaintiff was not listed as an insured on the policy, the certificate of insurance Robert Williams displayed to the plaintiff listed the plaintiff's address. While the builder's risk policy would not have provided liability coverage, the plaintiff homeowner acted responsibly by confirming that Robert Williams had what the plaintiff had reason to believe was a valid insurance policy at the time he entered into the agreement on April 26, 2006. Under the limitations of our current case law and statutory scheme, we are bound by the legally correct determination reached by the majority.
NOTES
[1] Lillis M. Cotton also filed suit against Robert Williams Construction. Her suit has been settled.
[1] This Court also acknowledged that an insurer is required to give an insured notice before canceling a policy in order to allow the insured an opportunity to obtain alternate coverage. Forston, 518 So.2d at 16; see also 2 Couch on Insurance § 32:3 (3rd Ed.2010).
[2] See also Gandy v. United Services Auto. Association, 97-1095 (La.App. 5 Cir. 10/14/98), 721 So.2d 34 (holding that either some kind of written notice or surrender of the policy by the insurer effects cancellation).