BELSOME, J.,
concurs with reasons.
hi concur in the result reached by the majority, but write separately to further discuss the cancellation of the builder’s risk policy. The trial court found, and the majority agreed, that the builder’s risk policy was cancelled by the insured, Robert Williams, on April 12, 2006. The plaintiff, who was neither a party to the contract nor named as an insured, did not enter into an agreement with Robert Williams until April 26, 2006. Accordingly, no solidary liability can exist if Assurance was not the insurer during the time period of alleged damages.
The record contains a document entitled “Cancellation Request/Policy Release,” dated April 12, 2006, and signed and dated by both the insured, Robert Williams, and the insurance agent that same date. This written notice by the insured was sufficient to constitute valid cancellation of the policy. See Forston v. Williams, 518 So.2d 14 (La.App. 4th Cir.1987)(holding that insured’s signature on “Policy Change Request” form was sufficient to effect cancellation); [1] Erdey v. Progressive Security Insurance Company, 2009-1115 (La.App. 1 Cir. 12/23/09), 31 So.3d 417 (holding that insured’s verbal request via telephone to cancel policy was sufficient to effect can *823 cellation under La. R.S. 22:885).[2] Furthermore, as the | {¡majority acknowledges, no premium was ever received by Assurance for the policy.
This case presents an extremely troubling set of circumstances. Although the plaintiff was not listed as an insured on the policy, the certificate of insurance Robert Williams displayed to the plaintiff listed the plaintiffs address. While the builder’s risk policy would not have provided liability coverage, the plaintiff homeowner acted responsibly by confirming that Robert Williams had what the plaintiff had reason to believe was a valid insurance policy at the time he entered into the agreement on April 26, 2006. Under the limitations of our current case law and statutory scheme, we are bound by the legally correct determination reached by the majority.

. This Court also acknowledged that an insurer is required to give an insured notice before canceling a policy in order to allow the insured an opportunity to obtain alternate coverage. Forston, 518 So.2d at 16; see also 2 Couch on Insurance § 32:3 (3rd Ed.2010).

. See also Gandy v. United Services Auto. Association, 97-1095 (La.App. 5 Cir. 10/14/98), 721 So.2d 34 (holding that either some kind of written notice or surrender of the policy by the insurer effects cancellation).